Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

LORENA ISABEL DOMINGUEZ INGA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC, ABDULLA K. AWADH, SALEH Y. MUNASSAR, MOHAMED HUSSEIN AHMED and ALI H. AHMED, as individuals,

Defendants.

-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, **LORENA ISABEL DOMINGUEZ INGA**, by and through her attorneys, Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC, ABDULLA K. AWADH, SALEH Y. MUNASSAR, MOHAMED HUSSEIN AHMED and ALI H. AHMED, as individuals** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **A AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC** located at **157-12 Beaver Rd, Jamaica, NY 11433.**

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff **LORENA ISABEL DOMINGUEZ INGA**, residing in Queens, NY, was employed by Defendants at **AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC** from in or around June 2021 until in or around May 2026.

### *Corporate Defendants*

### AZIZ HALAL MEATPACKING INC.

8. Upon information and belief, Defendant AZIZ HALAL MEATPACKING INC. is a domestic business corporation, organized under the laws of the State of New York with a service of process and principal executive office address at 157-12 Beaver Rd, Jamaica, NY 11433.
9. At all relevant times hereto, Defendant AZIZ HALAL MEATPACKING INC. through its agents, officers, managers and supervisors, maintained direct control,

oversight, and direct supervision over its employees including Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

10. Accordingly, at all relevant times hereto, Defendant AZIZ HALAL MEATPACKING INC. was Plaintiff's employer within the meaning and the intent of the FLSA and the NYLL

**FOUR BROTHERS DISTRIBUTORS INC**

11. Upon information and belief, Defendant FOUR BROTHERS DISTRIBUTORS INC is a domestic business corporation, organized under the laws of the State of New York with a service of process and principal executive office address at 157-12 Beaver Rd, Jamaica, NY 11433.
12. At all relevant times hereto, Defendant FOUR BROTHERS DISTRIBUTORS INC through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over its employees including Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.
13. Accordingly, at all relevant times hereto, Defendant FOUR BROTHERS DISTRIBUTORS INC. was Plaintiff's employer within the meaning and the intent of the FLSA and the NYLL.

**Joint Enterprise(s) of the Corporate Defendants**

14. At all times relevant to this action, Corporate Defendants were Plaintiff's employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiff.
15. During all relevant times hereto, Corporate Defendants acted as a single employer in general and a joint employer with respect to Plaintiff.
16. During all relevant times hereto, Corporate Defendants treated and/or held out the Plaintiff as employee of AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC.

17. During all relevant times hereto, Plaintiff performed work at Corporate Defendants' job sites and on Corporate Defendants' projects, for the benefit of all Corporate Defendants.
18. Upon information and belief, Plaintiff understood herself as being an employee of AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC.
19. Corporate Defendants' entities employed the same employees and/or benefited jointly from the work performed by the same employees, including Plaintiff, performed the same type of work on/at the same job site, and were jointly responsible for supervising the work performed by the same employees, including Plaintiff, at this job site.
20. Defendants were jointly responsible for issuing Plaintiff her wages and setting Plaintiff's work schedules and hours.
21. Defendants were jointly responsible for hiring Plaintiff, setting the rates of pay for Plaintiff, and paying Plaintiff her wages.
22. Defendants were jointly responsible for maintaining all of their employment records.
23. The Corporate Defendant entities sued herein functioned as a single integrated enterprise during Plaintiff's employment by Defendants.
24. Accordingly, at all relevant times hereto, Defendants AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC were Plaintiff's employers within the meaning and the intent of the FLSA and the NYLL.
25. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are an enterprise engaged in interstate commerce within the meaning of the FLSA in that AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00

***Individual Defendants***

**ABDULLA K. AWADH, MOHAMED HUSSEIN AHMED, and ALI H. AHMED**

26. At all relevant times hereto, Defendants ABDULLA K. AWADH, MOHAMED HUSSEIN AHMED, and ALI H. AHMED, own and operate AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC.
27. Upon information and belief, Defendants ABDULLA K. AWADH, MOHAMED HUSSEIN AHMED, and ALI H. AHMED, are agents of AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC.
28. At all relevant times hereto, Defendants ABDULLA K. AWADH, MOHAMED HUSSEIN AHMED, and ALI H. AHMED, are responsible for overseeing the daily operations of AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC.
29. At all relevant times hereto, Defendants ABDULLA K. AWADH, MOHAMED HUSSEIN AHMED, and ALI H. AHMED, have power and authority over all the final personnel decisions at AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC.
30. At all relevant times hereto, Defendants ABDULLA K. AWADH, MOHAMED HUSSEIN AHMED, and ALI H. AHMED, have power and authority over all final payroll decisions at AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC, including the Plaintiff.
31. At all relevant times hereto, Defendants ABDULLA K. AWADH, MOHAMED HUSSEIN AHMED, and ALI H. AHMED, have the exclusive power to hire and fire employees at AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC, establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiff.
32. During all relevant times herein, Defendants ABDULLA K. AWADH, MOHAMED HUSSEIN AHMED, and ALI H. AHMED, were Plaintiff's employers within the meaning of the FLSA and NYLL.

## SALEH Y. MUNASSAR

33. At all relevant times hereto, Defendant SALEH Y. MUNASSAR was a direct and immediate supervisor of the Plaintiff at AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC.
34. Upon information and belief, Defendant SALEH Y. MUNASSAR is an agent of AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC, within the scope of their supervisory duties.
35. At all relevant times hereto, Defendant SALEH Y. MUNASSAR is responsible for overseeing Plaintiff's work on a daily basis at AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC.
36. At all relevant times hereto, Defendant SALEH Y. MUNASSAR exercised supervisory authority over Plaintiff's, including providing instructions, monitoring performance, and enforcing workplace rules and policies, as directed.
37. At all relevant times hereto, Defendant SALEH Y. MUNASSAR participated in payroll decisions of AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC, including the Plaintiff.
38. At all relevant times hereto, Defendant SALEH Y. MUNASSAR has been involved in the hiring, firing and termination of the employees of AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC, including Plaintiff.
39. Accordingly, at all relevant times hereto, Defendant SALEH Y. MUNASSAR acted as a supervisory agent of AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC, within the meaning and the intent of the FLSA, and the NYLL.

## FACTUAL ALLEGATIONS

40. Plaintiff LORENA ISABEL DOMINGUEZ INGA was employed by Defendants at AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC, as a warehouse assistant, chicken preparer, and cleaner, while performing other miscellaneous duties for the Defendants, from in or around June 2021 until in or around May 2026.
41. Plaintiff was regularly required to regularly work approximately five (5) days per week from in or around June 2021 until in or around May 2026.

42. Plaintiff was regularly required to regularly work approximately eleven (11) hours per day from in or around June 2021 until in or around May 2026.
43. Thus, Plaintiff was regularly required to work approximately fifty-five (55) hours per week from in or around June 2021 until in or around May 2026.
44. Plaintiff was paid by defendants a flat weekly rate of approximately $750.00 per week from in or around June 2021 until in or around December 2022 and approximately $800.00 per week from in or around January 2023 until in or around May 2026.
45. Plaintiff was primarily paid in a combination of cash and/or check.
46. Although Plaintiff worked approximately fifty-five (55) each week from in or around June 2021 until in or around May 2026, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
47. Plaintiff was initially paid by Defendants on a weekly basis. However, for approximately the final year of Plaintiff's employment from in or around May 2025 until in or around May 2026, Defendants compensated Plaintiff on a bi-weekly basis.
48. As such, during this period, Defendants failed to timely and properly pay Plaintiff, a manual worker, on a weekly basis, thereby violating the frequency-of-pay requirements of NYLL § 191.
49. Moreover, Plaintiff worked in excess of ten (10) or more hours per day approximately five (5) days per week from in or around June 2021 until in or around May 2026, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.
50. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the NYLL.
51. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during her employment in violation of the NYLL.
52. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

53. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.
54. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for her overtime hours as required by the NYLL resulting in the direct harm of Plaintiff not being properly compensated and not being able to determine whether or not she was being properly compensated.

## COLLECTIVE ACTION ALLEGATIONS

55. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
56. Collective Class: All persons who are or have been employed by the Defendants as warehouse assistant, chicken preparers, cleaners or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.
57. Upon information and belief, Defendants employed approximately 20 or more employees within the relevant time period who were subjected to similar payment structures.
58. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

59. Defendants' unlawful conduct has been widespread, repeated, and consistent.

60. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

61. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

62. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

63. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

64. The claims of Plaintiff are typical of the claims of the putative class.

65. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

66. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

69. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

70. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
71. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff is entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
72. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
73. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

**SECOND CAUSE OF ACTION**

**Overtime Wages Under New York Labor Law**

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
75. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.
76. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.
77. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
**Violation of Frequency of Pay Under New York Labor Law**

78. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.
79. Defendants willfully violated the rights of Plaintiff by failing to pay their wages owed on a weekly basis in which their wages were earned, in violation of New York Labor Law § 191.
80. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.
81. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## THIRD CAUSE OF ACTION
**Spread of Hours Compensation Under New York Labor**

82. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
83. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.
84. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FOURTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
87. Defendants are liable to Plaintiff in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

88. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
89. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
90. Defendants are liable to Plaintiff in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff's unpaid spread of hours compensation;
d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiff's liquidated damages for Defendants' failure to timely pay Plaintiff's wages;
f. Awarding Plaintiff prejudgment and post-judgment interest;
g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
h. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 25, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LORENA ISABEL DOMINGUEZ INGA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

AZIZ HALAL MEATPACKING INC. and FOUR BROTHERS DISTRIBUTORS INC, ABDULLA K. AWADH, SALEH Y. MUNASSAR, MOHAMED HUSSEIN AHMED and ALI H. AHMED, as individuals,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To:
*Service via Secretary of State:*
**AZIZ HALAL MEATPACKING INC. (DOS ID: 7543252)**
157-12 Beaver Rd, Jamaica, NY 11433

**FOUR BROTHERS DISTRIBUTORS INC. (DOS ID: 5851249)**
157-12 Beaver Rd, Jamaica, NY 11433

*via Personal Service:*
**AZIZ HALAL MEATPACKING INC.**
157-12 Beaver Rd, Jamaica, NY 11433

**FOUR BROTHERS DISTRIBUTORS INC.**
157-12 Beaver Rd, Jamaica, NY 11433

**MOHAMED HUSSEIN AHMED**
157-12 Beaver Rd, Jamaica, NY 11433
15063 87th Ave 1, Jamaica, NY 11432

**ALI H. AHMED**
157-12 Beaver Rd, Jamaica, NY 11433
20712 Jamaica Ave Queens Village, NY 11428-1545

**ABDULLA K. AWADH**
157-12 Beaver Rd, Jamaica, NY 11433
20815 94th Ave. Queens Village, NY 11428-1504

**SALEH Y MUNASSAR**
157-12 Beaver Rd, Jamaica, NY 11433
2812 Settle Rd. Newark Valley, NY 13811-5514